UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BOBBY CLAYTON,

Plaintiff,

v. Case No. 26-cv-1474-pp

CHRISTOPHER STEVENS, *et al.*,

Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Bobby Clayton, who is confined at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants had violated his constitutional rights. The court received the full filing fee on September 15, 2026; two days later—on September 17, 2026—the court received from the plaintiff a motion for leave to proceed without prepaying the filing fee. Dkt. No. 4. The court will deny the plaintiff's motion as moot (unnecessary) and screen his complaint.

## I. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff sues Warden Christopher Stevens; dentist Dr. Tommy Onjukka; dental hygienist Marissa L. Shier; and complaint examiner John Doe. Dkt. No. 1 at 1. He alleges that he had two damaged teeth that needed to be treated and extracted by a dentist. Id. at ¶7. The defendants allegedly failed to provide him with adequate dental care in a timely manner. Id. at ¶8.

The plaintiff alleges that on July 17, 2023, he was at a dental appointment and Marissa Shier "cited a false pretense, i.e.: . . . 'disrespectful' . . . to delay and prevent [the plaintiff] from obtaining timely, and adequate dental care and have his tooth or teeth extracted[.]" Id. at ¶19. The plaintiff states that his teeth could have been pulled "at the same time on the same date" but instead, "the dental provider and or dentist" chose not to do so without any medical reasoning noted and instead placed the plaintiff on a waiting list, which caused unnecessary delay. Id. at ¶20.

The plaintiff alleges that the defendants knew his teeth needed to be extracted, and that the damaged teeth became infected because of the defendants' delay in treating him. Id. at ¶10. The plaintiff states that he contacted the health services unit multiple times and told them of the pain regarding his cracked, chipped and broken teeth. Id. at ¶11. He says that he submitted twenty-one health service requests and twelve dental service requests, asking to be seen. Id. The plaintiff alleges that all the defendants

provided inadequate responses which unreasonably delayed him receiving care. Id. at ¶14. He says that he continued to complain of the pain and tried to find out when his damaged tooth would be pulled, and that it was not extracted until sometime in 2024. Id. The defendants allegedly knew that at least one of the plaintiff's teeth had become infected, but they allowed it to remain in place for months before finally pulling it. Id. at ¶16.

The plaintiff claims that the defendants violated his constitutional rights and that their actions amounted to negligence in violation of Wisconsin state law. Id. For relief, he seeks compensatory and punitive damages. Id. at ¶¶26-27.

C. Analysis

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). "This principle applies equally to dental care." McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (citing Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Cesal, 851 F.3d at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person

would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). A delay in treatment may constitute deliberate indifference if the delay exacerbates the injury or unnecessarily prolongs an incarcerated individual's pain. McGowan, 612 F.3d at 640 (citing Estelle, 429 U.S. at 104-05).

The plaintiff may proceed on an Eighth Amendment medical care claim against the defendants in their individual capacities based on allegations that they unreasonably delayed his dental care. The court will exercise supplemental jurisdiction over the plaintiff's state law negligence claim. See 28 U.S.C. §1367(a).

The plaintiff claims that the defendants violated his right to equal protection. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Lisle v. Welborn, 933 F.3d 705, 719 (7th Cir. 2019) (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). To state such a claim, an incarcerated individual must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . . ." Id. at 719-20 (citing Ortiz v. Werner Enterprises, Inc., 834 F.3d 760 (7th Cir. 2016)). The plaintiff does not allege that the defendants discriminated against him or treated him

differently from other incarcerated individuals for an improper reason. He has not stated an equal protection claim.

After the named defendants have filed a responsive pleading to the complaint and the court issues a scheduling order, the plaintiff will need to use discovery to identify the real name of the Doe defendant; the court will explain how to do that in the scheduling order.

## II. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Christopher Stevens, Tommy R. Onjukka and Marissa L. Shier. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 (sixty) days.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 20th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**